IN THE MATTER OF THE APPLICATION OF THE NEW YORK, WOODHAVEN AND ROCKAWAY RAILROAD, TO ACQUIRE LANDS OF JOHN W. SOMARINDYCK.

*Application by a railroad company to acquire title to land—measure of damages, how computed.*

A railroad company applied to acquire title to a strip of land forming part of an old race-course, which had not been much used for many years; the strip, which contained about one and one-sixth acres, cut the track into two nearly equal parts. The evidence tended to show that the whole piece of land was worth, as a public race-course, about $25,000 ; as a training track, about $7,000 ; and that, as agricultural land, the strip taken was worth about $500. The commission awarded the owner $2,500 for the strip. *Held*, that the award was moderate and just, and should be affirmed.

APPEAL from an award made by two of the three commissioners appointed to ascertain the compensation to be made to the respondent, John W. Somarindyck, for about one and one-sixth acres of land, taken by the appellant for railroad purposes.

*George N. Sanders* and *Lewis Sanders*, for the Company.

*Wakeman & Latting,* for the respondent, Somarindyck.

BARNARD, P. J. :

The award in this case seems to be moderate and just. The land taken belongs to Somarindyck. It is a strip through a race-course, known as the Old Centreville Track. The railroad cuts the track in two nearly equal parts. It entirely destroys the track or course as such. The track is a mile track, and has not been much used as a track for many years. The evidence tends to show that as a public race-course it is worth some $25,000, as a training track some $7,000, and as agricultural land the piece taken is worth about $500. The award is $2,500. The property taken was the land to be used for a roadway, and the injury done to the remaining portion of the owner's land by its severance, at the place and in the manner it was to be made. If the land taken took a part of a house or barn, the compensation would be the injury caused by the taking what was taken, and also the injury to the portion of the building not taken, but really destroyed. The appeal papers do not show that the commissioners violated this rule. The award simply states the sum awarded for a just compensation for the land taken. The evidence sustains the finding.

The order should be affirmed, with costs.

GILBERT, J., dissented.

Present—BARNARD, P. J., GILBERT and PRATT, JJ.

Order affirmed, with costs.